UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS JOHN WILLIAMS, ) | |
| ) | |
| Petitioner, ) | CASE NO.  C00-1199-JCC |
| ) | |
| v. ) | ORDER DENYING |
| ) | MOTION TO INTRODUCE |
| ALICE PAYNE, ) | EXCULPATORY FACTS |
| ) | |
| Respondent. ) | |
| _____) | |

Now before the Court is Petitioner's Motion to Introduce Exculpatory Facts in support of Habeas Corpus Relief Relevant to DNA, in which he seeks permission to introduce "evidence of possible fraud upon the state court." Dkt. #160.  Petitioner contends that his motion should be granted, in the interest of justice, because the DNA evidence has never been reviewed.

In support of this motion, Petitioner offers the declaration of Pete Connick, one of his trial attorneys who handled the DNA evidence and issues.  Mr. Connick states that the forensic scientist from the Washington State Patrol Crime Lab ("WSPCL") who was involved in Petitioner's case[1] was ultimately terminated from his position for dishonesty about data and test results related to an exculpatory forensic DNA test that he destroyed in another case that Mr.

//

---

[1] The forensic scientist is identified as John Brown. Dkt. # 160 at p.2

ORDER DENYING MOTION TO
INTRODUCE EXCULPATORY FACTS  - 1

1  Connick was counsel in.² Mr. Connick further asserts his belief that: (a) the DNA evidence in
2  Petitioner's case was contaminated and cross-contaminated as testified to by defense experts in
3  the case, (b) the DNA evidence should not have been admitted and used to convict Petitioner of
4  serious rape charges, and (c) Petitioner's appellate counsel should have raised the issue of
5  admissibility of the forensic DNA evidence if he did not do so. Dkt. #160 at p. 3.

6  Petitioner also offers a petition for writ of certiorari that he attempted to file in the United
7  States Supreme Court, wherein he contends that he should be allowed to compel
8  "relevant evidence" regarding the DNA evidence relied on at trial. Petitioner appears to assert
9  that the "relevant evidence" is that the WSPCL forensic scientist whose testimony led to
10 Petitioner's conviction "was discharged for falsifying DNA lab results and perjury" after the
11 commencement of Petitioner's trial.³ Petitioner, therefore, argues that this "relevant evidence"
12 must be made a part of this habeas corpus proceeding to challenge the sufficiency of the DNA
13 evidence.

14 Having reviewed Petitioner's motion and the balance of the record, the Court hereby
15 finds and ORDERS:

16 (1)  Petitioner's motion fails to demonstrate the existence of any exculpatory facts
17 regarding the DNA evidence in this case. The fact that the former WSPCL forensic scientist
18 testified in a subsequent, unrelated case in May, 2000 that he lied to defense counsel about
19 preliminary test results that excluded the defendant in that case as a suspect, does not establish

---

²The circumstances that resulted in the forensic scientist's administrative reassignment by WSPCL and his subsequent resignation are discussed in an unpublished opinion, *State v. Barfield*, No. 48147-9-I, 2003 WL 22121058, at * 1-2 (Wash. App. Div. 1 Sept. 15, 2003).

³Petitioner was convicted on January 26, 1996. Brown, the WSPCL forensic scientist, was administratively reassigned, relieving him of his duties in the DNA lab, on May 17, 2000. *See State v. Barfield*, 2003 WL 22121058, at * 2.

ORDER DENYING MOTION TO
INTRODUCE EXCULPATORY FACTS  - 2

any material exculpatory facts regarding the DNA tests he conducted in Petitioner's case. Moreover, the record reflects that Petitioner had a four-week *Frye* hearing to determine the admissibility of the DNA evidence during his bench trial on stipulated facts (Dkt. #32, Ex. 7, Unpublished Opinion, *State v. Williams*, Court of Appeals, Cause No. 38559-3-I) and that the defense "spent many days demonstrating the weaknesses and flaws of the DNA evidence" (Dkt. #160, Decl. of Trial Counsel).

(2) Accordingly, Petitioner's Motion to Introduce Exculpatory Facts (Dkt. # 160) is DENIED.

DATED this 6th day of Decmber, 2005.

MONICA J. BENTON
United States Magistrate Judge

ORDER DENYING MOTION TO
INTRODUCE EXCULPATORY FACTS  - 3