1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS JOHN WILLIAMS,               )
                                    )
                  Petitioner,       )         CASE NO.  C00-1199-JCC
                                    )
            v.                      )         SECOND REPORT AND
                                    )         RECOMMENDATION
ALICE PAYNE,                        )
                                    )
                  Respondent.       )
_____)

## I.  INTRODUCTION AND BACKGROUND

Petitioner Carlos J. Williams is a state prisoner currently incarcerated at the

Monroe Correctional Complex in Monroe, Washington.  Proceeding *pro se*, he seeks

relief under 28 U.S.C. § 2254 from the 812.5 month sentence imposed after his 1996

conviction in King County Superior Court on five counts of first degree rape, five counts

of first degree burglary, and one count each of first degree attempted rape, first degree

robbery, first degree kidnaping, and taking a motor vehicle without permission.

Petitioner originally requested federal habeas relief on the following nine grounds:  (1)

conviction obtained by coerced confession; (2) DNA evidence was secured by a false

affidavit; (3) denial of effective assistance of counsel; (4) conviction obtained by use of

impermissibly suggestive photo identification; (5) conviction obtained in violation of the

SECOND REPORT AND
RECOMMENDATION
Page - 1

Sixth Amendment speedy trial clause; (6) denial of a jury trial; (7) wrongful denial of a continuance of the DNA hearing; (8) failure to grant defense motion to dismiss for prosecutorial misconduct and mismanagement; and (9) denial of right to appeal.  Dkt. #11.  On August 1, 2001, the undersigned, Magistrate Judge Monica J. Benton issued a Report and Recommendation recommending that Petitioner's § 2254 petition be denied.[1] Dkt. # 56.  On August 17, 2001, District Judge Barbara J. Rothstein adopted the Report and Recommendation, denying Petitioner's claims and dismissing the action with prejudice.  Dkt. #59.

Petitioner appealed the district court's judgment dismissing his habeas petition to the Ninth Circuit Court of Appeals, which, in July 2003, issued a mandate that the judgment of the District Court was affirmed in part, reversed in part, and remanded for further proceedings.  Dkt. #86.  Specifically, in its memorandum disposition of this matter, the Ninth Circuit affirmed the judgment of the district court as to claims 2, 5, 6, 7, 8, and 9.  *Williams v. Lambert*, 78 F. App'x 3, 6 (9th Cir. 2003) (mem.).  However, the Ninth Circuit vacated the judgment as to claims 1, 3, and 4 and remanded for further proceedings consistent with the decision.  *Id.*  This matter has been referred to the undersigned for further review.  Dkt. #82.

Having reviewed the memorandum disposition entered by the Ninth Circuit Court of Appeals in this matter, and after careful consideration of the remaining claims and the balance of the record, I conclude that Petitioner's § 2254 habeas petition should be denied.

---

[1]The factual and procedural history relevant to Petitioner's § 2254 petition is summarized in pages 2-9 of the August 2001 Report and Recommendation (Dkt. #56); therefore, the Court does not recount it here.

SECOND REPORT AND
RECOMMENDATION
Page - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## II. <u>GROUNDS FOR REVIEW</u>

Only three of the original nine grounds in Petitioner's federal habeas petition remain for review.  Numbered as they appear in Petitioner's § 2254 petition, those grounds are:

> Ground one:    Conviction obtained by coerced confession.

> Ground three:  Denial of effective assistance of counsel.

> Ground four:   Conviction obtained by the use of an impermissibly suggestive photo identification.

Dkt. #11 at 5-6.  Each of these grounds has been properly exhausted.[2]

## III.  STANDARD OF REVIEW

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law, or if the state court decides a case differently than the U.S. Supreme Court has on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S.

---

[2]In the April 2001 Report and Recommendation, this Court found that claim 1 had been exhausted in the state courts as required for federal habeas review.  Dkt. #56 at 10.  The Ninth Circuit Court of Appeals determined that as to claims 3 and 4, the district court erred in holding that Petitioner had not properly exhausted his state remedies.  *Williams v. Lambert*, 78 F. App'x at 5.

SECOND REPORT AND
RECOMMENDATION
Page - 3

362, 412-13 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Id.* at 413.  The Ninth Circuit has interpreted "an unreasonable application of law" to mean application that is "clearly erroneous."  *Van Tran v. Lindsey*, 212 F.3d 1143, 1152-54 (9th Cir.), *cert. denied*, 531 U.S. 944 (2000).

Additionally, if a habeas petitioner challenges the determination of a factual issue by a state court, such determination is presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## IV.  DISCUSSION

A.      Ground one: Conviction Obtained by Coerced Confession

In ground one, Petitioner generally contends that his conviction was obtained via statements of a prison informant, who later recanted.  Specifically, Petitioner argues:

> Trial attorney Pete Connick and private investigator Lynn Greenwood were ask[ed] by the informant in this matter to come see him in the King County jail.  At this time the state[']s informant recanted the statements given to the S.P.D. due to the fact that he was threat[en]ed and coached as to what to say.  In fact, his trial attorney told him not to sign a[n] affidavit at that time.

Dkt. #11 at 5.  In the April 2001 Report and Recommendation, this Court concluded that although this claim was properly exhausted, federal habeas review was procedurally barred because the state courts had declined to address the claim on the merits based on independent and adequate state procedural rules.  Dkt. #56 at 10.  However, in vacating this ruling, the Ninth Circuit stated:

> The threshold question then, is whether the Washington Supreme court actually dismissed the first personal restraint petition on independent

SECOND REPORT AND
RECOMMENDATION
Page - 4

and adequate state grounds.  The district court characterized the decision of
the supreme court as a finding of default "pursuant to state procedural
rules."  However, the district court did not clarify what procedural rule had
been implicated by the failure to present "admissible evidence upon which
relief could be granted," and none appears evident in the record.  We
therefore remand to the district court with instructions to determine whether
the rejection of the first personal restraint petition was, in fact, on a
procedural basis; to identify the precise procedural rule upon which the
Washington Supreme Court relied; and then determine whether the
procedural rule was "clear, consistently applied, and well established at the
time of the petitioner's purposed default."  If the Washington Supreme
Court relied upon an independent and adequate procedural basis for
rejecting the claim, then federal habeas review of Williams' first claim is
precluded.  In the absence of such a finding, the district court should
resolve the claim on its merits, as it has been exhausted for federal habeas
purposes.

*Williams v. Lambert*, 78 Fed. App'x at 5-6.  Accordingly, this Court addresses each of these inquiries below.

1.  Basis for Dismissal of First Personal Restraint Petition

Petitioner presented his ground one basis for federal habeas review somewhat differently in his first personal restraint petition ("PRP").  Petitioner essentially argued that the trial court erred by not holding a hearing to take testimony from the state's informant [Joseph McDaniels] about the informant's recantation of statements made to the Seattle Police Department, which were allegedly made under coercion and threat of prosecution.

In its review of this claim, the Washington Court of Appeals noted that petitioner relied solely on hearsay statements allegedly made to his trial attorney by the informant, and petitioner failed to provide an affidavit from the informant regarding the matter.  *See* Dkt. #32, Ex. 13 at 2-3 (Order Dismissing Personal Restraint Petition).  Citing *In re Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992), the state court of appeals quoted, "[i]f the petitioner's allegations are based on matters outside the existing record, the petitioner

SECOND REPORT AND
RECOMMENDATION
Page - 5

must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief." Dkt. #32, Ex. 13 at 2.  The court of appeals concluded that petitioner had "failed to carry this threshold burden," and it therefore held that petitioner had not stated grounds upon which relief can be granted by way of a personal restraint petition.  *Id.*  The Washington Supreme Court initially noted that petitioner had presented this claim on direct appeal and that he had not shown that the ends of justice would be served by revisiting the issue. See Dkt. #32, Ex. 15 at 1-2.  The state supreme court held that the court of appeals properly rejected this claim because petitioner had not "offered any admissible evidence" showing that the state's informant had in fact recanted his description of petitioner's confession.  *Id.* at 2.  The state supreme court also cited *In re Rice*, 118 Wn.2d at 896 (petitioner must show he has competent, admissible evidence to prove his factual assertions).

Although neither state court explicitly identified the procedural rule upon which it relied, a state court may also invoke an express procedural bar by citing a state case which stands for a procedural rule.  *See e.g., Park v. California*, 202 F.3d 1146, 1149, 1151 (9th Cir. 2000).  The Washington state rules of appellate procedure ("RAP") governing PRP's, as a threshold matter, require that a personal restraint petitioner must state in his petition the facts underlying the claim of unlawful restraint and the evidence available to support the factual allegations.  RAP 16.7(a)(2)(i).  Further, under RAP 16.11, if a personal restraint petitioner presents a prima facie case of error, but the existing issues cannot be determined solely on the record, the Chief Judge of the appellate court will transfer the petition to a superior court for determination on the merits or for a reference hearing.  RAP 16.11(b).  *In re Rice*, which was cited by both state courts,

SECOND REPORT AND
RECOMMENDATION
Page - 6

stands for the procedural rule that "only competent, admissible evidence" may be considered at a reference hearing. The court, explaining the basis for this evidentiary prerequisite in *In re Rice,* stated the following:

> [W]e view it as enabling courts to avoid the time and expense of a reference hearing when the petition, though facially adequate has no apparent basis in provable fact. In other words, the purpose of a reference hearing is to resolve genuine factual disputes, not to determine whether the petitioner actually has evidence to support his allegations. Thus, a mere statement of evidence the petitioner *believes* will prove his factual allegations is not sufficient. If the petitioner's allegations are based on matters outside the existing record, the petitioner must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief. If the petitioner's evidence is based on knowledge in the possession of others, he may not simply state what he thinks those others would say, but must present their affidavits or other corroborative evidence. The affidavits, in turn, must contain matters to which the affiants may competently testify. In short, the petitioner must present evidence showing that his factual allegations are based on more than speculation, conjecture, or inadmissible hearsay.

118 Wn.2d at 886, 828 P.2d at 1092. Thus, by citing *In re Rice* as the basis for rejecting what is now petitioner's ground one claim for federal habeas relief, the state supreme court invoked this express procedural bar to review of petitioner's first personal restraint petition on the merits.

2.  Adequate and Independent

As long as the state procedural rule is an adequate and independent state rule, then federal habeas review of petitioner's claim is barred absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 1991 S.Ct. 1728, 144 L.Ed.2d 1 (1999). To constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well established at the time of petitioner's purported default. *Wells v. Maas*, 28 F.3d 1005,

SECOND REPORT AND
RECOMMENDATION
Page - 7

1010 (9th Cir. 1994) (citations omitted); *see also*, *Powell v. Lambert*, 357 F.3d 871, 874 (9th Cir. 2004). For the state procedural rule to be "independent," the state law ground for decision must not be "interwoven with the federal law." *Park*, 202 F.3d at 1152 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)). When a state court decision depends on an antecedent ruling of federal law, the procedural bar is not independent of federal law and does not bar federal review. *See Id.* at 1152-53.

Here, the state procedural rule that *In a re Rice* embodies was well established at the time Petitioner filed his first PRP in July 1999. The state supreme court had clearly articulated this procedural rule and its rationale on the type of evidence required to obtain a reference hearing under a PRP when it decided *In re Rice* seven years earlier, in May 1992. Additionally, a review of Washington cases reflects that this procedural rule has been consistently applied, without exception, up to and beyond the time of Petitioner's default under the rule. *See e.g., In re Lord*, 123 Wn.2d 296, 303, 868 P.2d 835, 843 (1994) (to obtain an evidentiary hearing, a personal restraint petitioner must present competent, admissible evidence to establish facts entitling him to relief); *In re Pirtle*, 136 Wn.2d 467, 473, 965 P.2d 593, 599 (1998) (evidentiary hearing will be ordered only if the petitioner demonstrates he or she has competent admissible evidence establishing facts which would require relief); *In re Dyer*, 143 Wn.2d 384, 397, 20 P.2d 907, 914 (2001) (if petitioner's allegations are based on matters outside the existing record, the petitioner must demonstrate that he has competent, admissible evidence to establish facts that entitle him to relief); In *re Cadwallader*, 155 Wn.2d 867, 879, 123 P.3d 456, 462 (2005) (only competent admissible evidence may be considered at a reference hearing).

SECOND REPORT AND
RECOMMENDATION
Page - 8

1   Moreover, given that the state supreme court posited this procedural rule in the context of

2   more fully explaining the showing that state PRP petitioners must make to support a

3   request for reference hearing, the rule is plainly not dependent on any antecedent ruling

4   of federal law.

5        In light of the above, I recommend that this Court find that the procedural rule

6   requiring "competent, admissible evidence" to obtain a reference hearing, which was

7   invoked by the state courts' citing to *In re Rice,* is an adequate and independent state

8   procedural rule that bars Petitioner's ground one claim from federal habeas review.[3]

9   B.     Ground three: Denial of Effective Assistance of Counsel

10       In his ground three claim of denial of effective assistance of counsel, Petitioner

11  raises five separate factual allegations.  Dkt. #11 at 5, 8-9.  Yet, in reviewing this claim,

12  the Ninth Circuit noted:

13       Williams' habeas petition contains additional ineffective assistance of
         counsel allegations beyond those discussed in the court of appeals opinion.
14       *Only* the specific failures of counsel enumerated in the court of appeals
         decision and the supreme court petition have been exhausted.
15

16  *Williams,* 78 Fed. App'x. at 5 fn.1 (emphasis added).  Those properly exhausted

17  ineffective assistance of counsel claims are: (1) Attorney Frank Calero's representation

18  was deficient because he failed to hire an investigator to secure statements from witnesses

19  who would have corroborated petitioner's alibi; and 2) Calero was ineffective for failing

20  to move for suppression of body samples taken from petitioner for the DNA testing.  Dkt.

21  #32, Ex. 7 at 9-11 (Unpublished Opinion, *State v. Williams*, Court of Appeals Cause No.

22  _____

23       [3]Having fully addressed the alternative of whether petitioner can demonstrate a
    fundamental miscarriage of justice, or both cause and prejudice for his default in the April 2001
24  Report and Recommendation, this Court does not revisit that issue here.  *See* Dkt. #56 at 10-12.

25  SECOND REPORT AND
    RECOMMENDATION
26  Page - 9

1   38559-3-I); Ex. 8 (Petition for Review).  Only the first of these two claims is included

2   among the ineffective assistance claims Petitioner raises in his § 2254 habeas petition.

3   Consequently, this Court addresses only this single properly exhausted claim below.

4           An ineffective assistance claim has two components: A petitioner must show that

5   counsel's performance was deficient, and that the deficiency prejudiced the defense.

6   *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) (citing *Wiggins v. Smith*, 539 U.S.

7   510, 521, 123 S.Ct. 2527 (2003)).   In order to prove that counsel's performance was

8   constitutionally deficient, a defendant must show that counsel's performance fell below

9   an objective standard of reasonableness.  *See Strickland v. Washington*, 466 U.S. 668,

10  687-88, 104 S.Ct. 2052 (1984).   In order to prove prejudice, the defendant must show

11  that there is a reasonable probability that, but counsel's unprofessional errors, the result

12  of the proceedings would have been different.  *Id.* at 694, 104 S.Ct. 2052.  "Review of

13  counsel's performance is highly deferential and there is a strong presumption that

14  counsel's conduct fell with the wide range of reasonable representation."  *Ortiz v.

15  Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (citing *Hensley v. Crist*, 67 F.3d 181, 184 (9th

16  Cir. 1995) (internal citations omitted)).  The reviewing Court need not address both

17  prongs of the inquiry if an insufficient showing is made on one component.  *Strickland*,

18  466 U.S. at 697, 104 S.Ct. 2052.

19          1.       Failure to Hire Investigator

20          In petitioner's only properly exhausted ineffective assistance of counsel claim, he

21  argues that attorney Frank Calero's representation was deficient because he failed to hire

22  an investigator to secure statements from witnesses who would have corroborated

23  petitioner's alibi.  Although petitioner now frames this claim of ineffective representation

24

25  SECOND REPORT AND
    RECOMMENDATION
26  Page - 10

as a "failure to hire an investigator," his factual allegations in support of this claim

actually focus on the attorney's delay in hiring an investigator.  Those factual allegations

were developed more fully in petitioner's pro se supplemental brief to the state court of

appeals on direct review, which is included as an attachment to petitioner's federal

habeas petition.  *See* Dkt. #11, Attachments.  In that supplemental brief, Petitioner

contended that his counsel waited until nine months after petitioner was arrested to hire

an investigator, during which time his alibi witnesses disappeared.  *See* Dkt. #32, Ex. 6 at

14.  Petitioner identified four purported alibi witnesses, including "Cynthia Wright (the

mother of his daughter), Penny Walker (Cynthia's mother), Dale Walker (Penny's

husband), and Sandra Banks Scott (the woman that [petitioner] was dating at the time of

the Jeanetto, Harrison, Trayer, and Dugay assaults)."  *Id.* at 15.  Petitioner alleged that

the woman he was dating was a very important alibi witness because she would have

been able to place him with her at a motel on the night of the Dugay assault.  *Id.*

Petitioner gave no indication of what alibi evidence he believed could have been provided

by the other three possible alibi witnesses.

   The Washington Court of Appeals, in an unpublished opinion, concluded that

petitioner had not demonstrated prejudice because there was no evidence in the record

suggesting that he had a potential alibi.  Dkt. #32, Ex. 7 at 10.  The state supreme court

denied petitioner's petition for review, without comment.  *Id.* at Ex. 8.  In reaching its

conclusion, the state court of appeals cited the *Strickland* standard and also acknowledged

that petitioner had the burden of showing deficient representation based on the record

established in the proceedings below.  Dkt. #32, Ex. 7 at 10.  Thus, this Court could only

grant federal habeas relief on Petitioner's ineffective assistance of counsel claim if the

SECOND REPORT AND
RECOMMENDATION
Page - 11

1    state court unreasonably applied the principles of *Strickland.  See Williams v. Taylor*, 529

2    U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

3          The Ninth Circuit has held that where counsel does nothing at all for months, can

4    be some indication that he is not performing properly.  *See Crandell v. Bunnell* 25 F.3d

5    754, 755 (9th Cir. 1994) (per curiam).  Such was not the case here.  The record reflects,

6    and petitioner acknowledged in his pro se supplemental brief, that attorney Calero filed

7    an application seeking authorization of expert services at public expense, which was

8    refused by the trial court August 1994, because the application was inadequate to allow

9    the court to determine any rational basis for the amount requested.  Dkt. #11,

10   Attachments at 26-27; Dkt. 32, Ex. 6 at 14-15.  The record further reflects that in January

11   1995, attorney Calero filed a subsequent application for public funds for investigative

12   services with supporting documentation on the anticipated investigation costs, which was

13   granted by the trial court in February 1995.  Dkt. #11, Attachments at 30-34.  Even

14   assuming that Calero's five-month delay in filing the second request for public funds for

15   investigative services constituted deficient performance, petitioner has failed to show that

16   he was prejudiced by Calero's inadequate representation.

17         Nothing in this case suggests that the result of petitioner's trial proceeding would

18   have been any different if counsel had hired the investigator sooner to secure statements

19   from the four possible alibi witnesses.  For three of his four alleged alibi witnesses,

20   Petitioner has failed to offer any factual allegations on what he anticipates the witness

21   would have said that could provide him with an alibi for the crimes on which he was

22   conviction.  Consequently, his assertions that he suffered prejudice because of Calero's

23   failure to immediately hire an investigator to interview those witnesses is merely

24

25   SECOND REPORT AND
     RECOMMENDATION
26   Page - 12

speculative.  As for the alibi that petitioner alleges that his girlfriend would have provided, it concerns only one of the several victims in this case and does not identify beyond any doubt petitioner's location at the precise time of the assault on that victim, or even allege that petitioner never left the motel during the entire night.  Instead, the record reflects that petitioner was convicted of multiple counts of rape, robbery, burglary, kidnaping  involving multiple victims based on stipulated documents and matching DNA profiles from which petitioner could not be excluded as the donor in each of the incidents that involved DNA.[4]  Dkt. #32, Ex. 21 at 29, 34.  In light of these facts, the state appeals court's decision under the second prong of the *Strickland* standard that petitioner failed to show that he was prejudiced by attorney Calero's alleged inadequate representation was neither contrary to, nor an unreasonable application of, clearly established federal law.

C.    Ground four: Impermissibly Suggestive Photo Identification

In ground 4, petitioner alleges that his conviction was obtained by the use of an impermissibly suggestive photo identification.  Under this claim, which relates to only one of the victims, H.D., petitioner argues that "The state relied on a photo montage containing a photo of me in a reverse hospital gown, untied, exposing my whole chest and clearly sedated."  The victim told different accounts to the S.P.D. and the defense investigator -- even mentioned "they all look alike to me."  Dkt. #11 at 5.

The determination of whether a pretrial identification procedure compromises a defendant's right to due process of law involves a two-step analysis.  The first inquiry is whether the police used an impermissibly suggestive procedure in obtaining the out-of-

---

[4]The chances of a random member of the population having a DNA profile identical to that generated from the four collected samples was determined to be one in 130,000 to 180,000. Dkt. #32, Ex. 21 at 34-35.

SECOND REPORT AND
RECOMMENDATION
Page - 13

1   court identification. *Manson v. Brathwaite*, 432 U.S. 98, 110, 97 S.Ct. 2243, 53 L.Ed.2d

2   140 (1977).  Second if the evidence is obtained through an impermissible procedure, the

3   identification is still admissible if the "totality of circumstances" suggest that the

4   identification process was reliable. *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 34

5   L.Ed.2d 401 (1972).  Admission of pretrial identifications violates due process of law

6   when the identification procedure creates a "very substantial likelihood of irreparable

7   misidentification." *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985)

8   (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)).  Factors to be considered

9   in evaluating the reliability a pre-trial identification are: the opportunity of the witness to

10  view the criminal at the time of the crime, the witness's degree of attention, the accuracy

11  of the witness's prior description of the criminal; the level of certainty demonstrated by

12  the witness at the confrontation, and the length of time between the crime and the

13  confrontation. *Grubbs v. Hannigan*, 982 F.2d 1483, 1490 (9th Cir. 1993) (citing *Neil*,

14  409 U.S. at 199-200, 93 S.Ct. 375).

15          Here, the state court of appeals concluded that it did not find the photo montage of

16  petitioner inherently suggestive. Dkt. #32, Ex. 7 at 13.  The court compared the

17  suggestiveness of the photo-lineup in *Grubbs v. Hannigan*, to the photographic montage

18  used in petitioner's case, noting that "in *Grubbs,* the court found the identification

19  procedure suggestive because the differences related to an important component of the

20  victim's description of her assailant, his hair style." *Id.*  In contrast, the state court of

21  appeals found that in petitioner's case, the differences in the photographic montage

22  allegedly making him conspicuous, did not relate to any component of H.D.'s description

23  of her assailant. *Id.*  Further the court concluded that any suggestiveness in the photo

24

25  SECOND REPORT AND
    RECOMMENDATION
26  Page - 14

1  montage in petitioner's case did not result in a substantial likelihood of misidentification

2  because H.D. testified that her home was well lit, she had a good look at her assailant,

3  and the assailant did not cover his face or H.D.'s face at any point during the 20-minute

4  attack. *Id.* at 13-14.

5      Having reviewed the photo montage in question (Dkt. #11, App'x. D-1), this Court

6  concludes that the fact that petitioner's photo shows him in an open-front hospital gown,

7  as compared to the round neck T-shirts worn by four of the other men or the collared shirt

8  buttoned to the neck worn by the fifth man, does not make the montage suggestive

9  because these differences in clothing bear no apparent relationship to the physical

10  characteristics of those pictured.  Indeed, the Ninth Circuit has held that such minor

11  distinctions do not make a photo spread unduly suggestive.  *See e.g., United States v.*

12  *Nash*, 946 F.2d 679, 681 (9th Cir. 1991) (rejecting arguments that photo spread was

13  unduly suggestive because only two other men pictured had light complexions and only

14  one other man had an Afro hairstyle); *United States v. Johnson*, 820 F.2d 1065, 1072-73

15  (9th Cir. 1987) (finding pretrial identification procedures were not unduly suggestive

16  even though photo of defendant was hazier, defendant appeared less clean-shaven than

17  two of the other suspects, and defendant was the only person appearing in both the photo

18  montage and lineup).  Moreover, based on H.D.'s testimony about the circumstances

19  under which she observed her assailant (Dkt. #18, Attachment D at 6-7), the state court of

20  appeals did not unreasonably apply the reliability factors in reaching its conclusion that

21  there was no substantial likelihood of irreparable misidentification due to any

22  suggestiveness in the photo montage.  Accordingly, the undersigned recommends that

23  petitioner's claim for federal habeas relief on the basis of an impermissibly suggestive

24

25  SECOND REPORT AND
   RECOMMENDATION

26  Page - 15

1   photo montage be denied.

2                              VI.  CONCLUSION

3          For the reasons set forth above, this Court recommends that Petitioner's federal

4   habeas petition be denied, and that this action be dismissed with prejudice.  A proposed

5   order accompanies this Report and Recommendation.

6          DATED this 31st day of August, 2006.

7

8

9                                              _____
                                               MONICA J. BENTON
10                                             United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   SECOND REPORT AND
     RECOMMENDATION
26   Page - 16